**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ANTHONY WHITING,**

**Plaintiff,**

**vs.** **Civ. No. 15-099 JCH/GBW**

**DISA GLOBAL SOLUTIONS,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Defendant DISA, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)* [Doc. 5]. Plaintiff Anthony Whiting alleges that Defendant DISA, Inc., which provides employment-related drug screenings for employers in the oil and gas industry, has wrongfully continued to report a urine screen that yielded a false positive result for cocaine use. DISA asks this Court to dismiss Whiting's claims for intentional interference with prospective contractual relations and unfair trade practices for failure to state a claim. After reviewing the Amended Complaint as well as the motion, response, and reply, the Court concludes that the motion should be denied.

**LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), the Court must review the complaint to determine whether it " 'contains enough facts to state a claim to relief that is plausible on its face.' " *Ridge at Red Hawk, L.L.C. v. Schneider*, 493

F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation and internal quotation marks omitted). The Court must accept all well-pleaded factual allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted). Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. *See also Ridge at Red Hawk*, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.") (emphases in original). For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1248.

Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

**FACTS ALLEGED IN AMENDED COMPLAINT**

In the Amended Complaint [Doc. 2-2 at 3], Whiting alleges that DISA "provides employment-related drug screenings for clients including oil and gas industry clients . . . through affiliation with a variety of laboratories across the country." *Id*. at ¶ 4. According to Whiting, he sought employment in the oil and gas industry and was sent (he does not allege who sent him) to Reliance Medical Group in Farmington, New Mexico for drug screening. *Id*. at ¶ 5. According to the "DISA Drug Test Result Certificate" attached to the Amended Complaint [Doc. 2-3 at 2], Reliance collected the specimen on September 16, 2014, and the analyzing laboratory was Quest Diagnostics in West Hills, California. The results were negative for the presence of all tested substances except cocaine metabolites. *Id*.; Amended Complaint at ¶ 7. Whiting alleges that he does not use cocaine, and that this is a false positive result. *Id*. at ¶ 8-9. As a result, on September 26, 2014, Whiting voluntarily submitted a hair follicle sample at Basin Occupational Urgent Care in Farmington. *Id*. at ¶ 9. Basin sent Whitings's hair sample to Quest Diagnostics, the same company used by DISA to test his urine sample. Those results were negative for all tested substances, including cocaine and cocaine metabolites. *Id*. at ¶ 12.

Whiting alleges that hair follicle testing is more accurate than urine testing, provides more true positive results, is less susceptible to contamination, and detects the presence of drug metabolites or drugs for up to 90 days. *Id*. at ¶ 11. Whiting provided the results of his hair follicle testing to DISA and requested that it remove the false positive result from its records. However, DISA refused to do so. *Id*. at ¶ 12. Whiting alleges that DISA keeps records indefinitely and provides them to prospective employers upon request, and that this alleged false

positive test result, along with DISA's refusal to correct it, is adversely affecting his ability to obtain employment in the oil and gas industry. *Id*. at ¶ 14; Count I at ¶ B.

In Count I, Whiting asserts a claim for the common law tort of intentional interference with prospective contractual relations. In Count II, he asserts a claim under New Mexico's Unfair Practices Act ("NMUPA"), NMSA 1978, § 57-12-1 et seq. In Count III, Whiting requests relief in the form of an injunction requiring DISA to remove the false positive drug test result from its files.

## DISCUSSION

### I. INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

New Mexico has recognized the tort of interference with contractual relations as a valid cause of action for at least fifty years. *Wolf v. Perry*, 65 N.M. 457, 461, 339 P.2d 679, 681 (1959) (noting that it is the "general rule ... that one who, without justification or privilege to do so, induces a third person not to perform a contract with another" is liable for the harm caused by his action). *Wolf* involved an existing contract. The first case in New Mexico applying the tort to a factual setting involving a *prospective* contractual relationship is *M & M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 612 P.2d 241 (Ct. App. 1980). In *M & M Rental Tools*, the court asserted that "[t]he tort of interference with prospective contractual relations is well recognized." *Id*. at 452, 612 P.2d at 244. *M & M Rental Tools* adopted the description of the tort found in the Restatement (Second) of Torts § 766B (1979) and then distilled it to its essence: "Whether the tort is described as improper interference or without privilege, either an improper motive (solely to harm plaintiff), or an improper means is required for liability." *M & M Rental Tools*, 94 N.M. at 454, 612 P.2d at 246. Use of the disjunctive "or" in *M & M Rental Tools* is meaningful. As the court observed in *Kelly v. St. Vincent Hospital*, 102 N.M. 201, 207, 692 P.2d 1350, 1356 (Ct.

App. 1984), the tort can be accomplished by either of two methods: improper motive solely to harm the plaintiff or improper means. If proven, either basis standing alone will support liability. New Mexico courts have held that where a defendant is accused of interfering with a plaintiff's opportunity to enter into prospective contracts, a strong showing must be made that the defendant acted not for legitimate business reasons but from some motive such as personal vengeance or spite. *Anderson v. Dairyland Ins. Co.*, 97 N.M. 155, 158, 637 P.2d 837, 840 (1981).

Examining the allegations of the Amended Complaint in the light most favorable to Whiting, the Court can find no facts from which it might be inferred that DISA has acted out of improper motive toward Whiting. There are no allegations that support an inference that its failure to remove the results of Whiting's first drug tests from its records arises from personal vengeance or spite towards him. Thus, in order to state a claim for tortious interference with prospective contract under New Mexico law, Whiting must allege facts to support an inference that DISA used improper means.

What may qualify as "improper means" depends to some degree on context and can include, but is not limited to predatory behavior, violence, threats or intimidation, deceit or misrepresentation, bribery, economic pressure, unfounded litigation, defamation, unlawful conduct, and perhaps violation of business ethics and customs. *M & M Rental Tools, Inc*., 94 N.M. at 454, 612 P.2d at 246; Restatement (Second) of Torts § 767 cmt. c (1979). Predatory behavior is behavior " 'wrongful by reason of a statute or other regulation, or a recognized rule of common law, or perhaps an established standard of a trade or profession.' " *Id*. at 455, 612 P.2d at 247 (quoting *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 283 Or. 201, 582 P.2d 1365, 1371 (1978)). "Although tortious behavior and behavior that violates other statutes will amount

to improper conduct, the conduct required by this tort need not be tortious in itself." *Diversey Corp. v. Chem-Source Corp.*, 125 N.M. 748, 755, 965 P.2d 332, 339 (Ct. App. 1998). Here, viewing the facts in the light most favorable to the plaintiff, Whiting alleges essentially that the improper means used by DISA is misrepresentation—that by continuing to inform potential employers of his false positive test result, despite knowing that an allegedly more accurate test disproves the positive result, DISA is misrepresenting Whiting's true drug test history to potential employers. Whiting has also alleged that DISA's misrepresentation has discouraged prospective employers in the oil and gas industry from hiring him. Whether Whiting can come forward with sufficient evidence to withstand a motion for summary judgment on this claim remains to be seen. For now, however, the Court concludes that the Amended Complaint alleges sufficient facts to state a claim.

**II. NEW MEXICO UNFAIR PRACTICES ACT**

The NMUPA makes unlawful "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M. Stat. Ann. § 57-12-3. The NMUPA defines an "unfair or deceptive trade practice" as "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale . . . of goods or services . . . by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person. . . ." *Id.* § 57-12-2(D). The Act provides a private remedy for "[a]ny person who suffers any loss of money . . . as a result of any employment by another person of a method, act or practice declared unlawful by the Unfair Practices Act." *Id.* § 57-12-10(B). A "person" is defined under the Act to include, "where applicable, natural persons, corporations, trusts, partnerships, associations, cooperative associations, clubs, companies, firms, joint ventures or syndicates." *Id.* § 57-12-2(A). To state a

claim under the NMUPA, the plaintiff must show: (1) that the defendant made an oral or written statement, visual description, or other representation that was either false or misleading; (2) that the false or misleading representation was knowingly made in connection with the sale of goods or services; (3) the conduct complained of occurred in the regular course of the representer's trade or commerce; and (4) the representation is of the type that may, tends to or does, deceive or mislead any person. *Stevenson v. Louis Dreyfus Corp*., 112 N.M. 97, 100 (1991).

The Court concludes that the Amended Complaint contains sufficient allegations to state a claim against DISA under the NMUPA. First, as explained above, Whiting has alleged that DISA made misleading representations to prospective employers about his drug test results by continuing to represent that he tested positive for cocaine when a more reliable test indicates that the positive result was inaccurate. Second, Whiting has alleged that DISA knew that the false positive test result was misleading to its clients, yet it disclosed that information anyway. Further, because DISA is in the business of providing drug test results to its clients, it made the allegedly misleading statement in the connection with its sale of that service. These allegations satisfy the second and third elements of a claim under the NMUPA. Finally, the fourth element is satisfied because DISA's alleged misrepresentation is of the type that may or tends to mislead a prospective employer into believing that Whiting is a cocaine user. Thus, Whiting has successfully alleged a claim under the NMUPA. Again, it remains to be seen whether Whiting is able to come forward with evidence to support his claims in order to survive a motion for summary judgment. However, the motion to dismiss for failure to state a claim will be denied.

**IT IS THEREFORE ORDERED** that *Defendant DISA, Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)* [Doc. 5] is **DENIED.**

**UNITED STATES DISTRICT JUDGE**